# EXHIBIT A

DEPARTMENT OF THE ARMY
Galveston District, Corps of Engineers
P.O. Box 1229
Galveston, Texas 77553-1229

Memorandum
No. 1180-1-18

14 June 2000

Contracts
**PROCEDURES FOR HANDLING CONTRACT CLAIMS**

1. **PURPOSE.** The purpose of this memorandum is to prescribe policies and procedures for processing contract claims.

2. **APPLICABILITY.** This memorandum applies to all Area and Project Offices and District Office elements administering contracts with the "Disputes" clause, FAR 52.233-1. However, this memorandum will not apply to the District's Architect-Engineer contracts. The foregoing is to be used as guidance on the proper procedure for handling contract claims. The Office of Counsel will be the final interpreter of this memorandum and make all determinations on issues arising therefrom.

3. **REFERENCES.**

a. FAR 33.2

b. EFARS Appendix A, Part 3.

c. FAR 52.233-1.

d. Contract Disputes Act of 1978, as amended, 41 U.S.C. 601-613.

e. 5 U.S.C. 572

f. SWDR-415-3

g. ER 5-7-1

4. **EXPLANATION OF TERMS.** See Glossary.

5. **GENERAL.** Within the policies and procedures established in this memorandum, the Galveston District will institute a claims management program that is designed to:

a. Provide for the most effective and timely processing of claims;

*This memorandum supersedes OM 1180-1-18 dated 25 April 1994

b. Insure that contractors receive fair and impartial decisions on contract disputes by the Contracting Officer;

c. Provide for the centralization of claims processing and effective document control; and

d. Provide for the most effective and thorough method of investigating claims for resolution or litigation.

**6. RESPONSIBILITIES.**

a. Contracting Division will serve as the central depository for all contract claim documents and provide initial distribution and claims processing services.

b. Administrative Contracting Officers (ACO) will make findings and determinations on all Request for Relief within their authority, in addition to reviewing and investigating all contract claims.

c. Contracting Officers will make findings and determinations on all contract claims and issue final decisions.

d. Office of Counsel will assist the Contracting Officer and the ACO in making findings and determinations in addition to processing all claims and informing PPMD of claim status.

**7. GENERAL PROCEDURES FOR RESOLVING REQUEST FOR RELIEF.**

a. All requests for relief will be considered and resolved by the ACO within his/her authority. The Office of Counsel should be advised of any request for relief which is over $500,000 or has a high potential of becoming a claim. Resolution of a request for relief beyond the authority of the ACO shall be processed and finalized subject to the direction of the Contracting Officer. If the request is for other than an interpretation of contract language and does not state an amount of money or time extension, the ACO is to request that the Contractor clarify the request. If not included in the original request, the Contractor should immediately be asked to furnish documentation; e.g., facts, cost breakdown, and/or contract clause(s).

b. Some requests can be resolved in a relatively short period of time. Every effort should be made to resolve such requests as soon as possible. Should the ACO determine that the request does not have merit, or an impasse has been reached in negotiations, the ACO will issue a unilateral modification, if applicable, or will notify the Contractor of his/her findings and determinations by letter and shall include in the last paragraph of the notification the following statement:

*"This letter does not constitute a final decision of the Contracting Officer as provided for in Contract Clause__DISPUTES. You may request such a decision in accordance with that clause*

*by specifically detailing the facts, contact provision(s) and reasoning upon which you are relying, as well as providing supporting documentation and required certification."*

c. Any contract request that subsequently becomes disputed and, if under the Contract Disputes Act of 1978, is properly certified shall be considered a contract dispute claim and processed according to the provisions herein.

**8. PROCEDURES FOR EVALUATING THE REQUEST FOR RELIEF.** The information contained in this paragraph is provided as guidance to the ACO for merit determination of a request for relief.

a. Evaluate each request for relief, on it own merits, as soon as possible. Consider the degree of fault attributable to each side, whether the work was done in keeping with standard industry practices, the Contractor's past practice with regard to settlement or litigation of grounds for relief (i.e. changes, differing site conditions, etc.) and the comparative cost of alternatives.

b. Require the Contractor to accompany the proposal with a fully documented and timely filed report. Require all relevant information (i.e. a Critical Path Method schedule, charts, correspondence). The Contractor should comply with FAR clauses 52.236-7000, Modification Proposals-Price Breakdown and 52.243- 7001, Pricing of Contract Modifications.

c. Obtain the Architect-Engineer's, Project Engineer/Manager's or the Chief of Engineering & Construction, opinion on the validity of the proposal if applicable.

d. Obtain an audit if applicable.

e. In determining entitlement, or initial liability, the ACO should:

(1) Identify the proper parties.

(2) Become familiar with the language in the contract and any other related documents such as schedules, manuals, supplements, etc., which are made part of the contract. Read and study all pertinent parts of the contract documents before making a decision.

(3) Submit a specification to the office that prepared it for a technical opinion if its interpretation is at issue. The opinion must contain a definite statement as to the intent of the specification.

(4) Determine all facts, utilizing input from all relevant sources. This is of critical importance since most claims involve factual disputes.

(5) Obtain or prepare a Government Cost Estimate of the requests for relief or proposal over $25,000, notwithstanding a determination of the merits as determined by the ACO with regard to the specific circumstances of each case.

f. If additional guidance is needed the ACO should refer to the Construction Contract Modification Guide (SWDR-415-3), other related publications or request assistance from relevant District sources.

**9. PROCEDURE FOR PROCESSING CLAIMS.**

a. All claims wherever received will be immediately forwarded to Contracting Division for intake processing.

b. Upon receipt of a claim, the Contracting Division Point of Contact (CT POC) will date stamp the claim and obtain a claim number which will also be indicated on the claim letter and a work item number which will be indicated on the claim transmittal memorandum. Claim numbers will be assigned by the Office of Counsel as explained in Appendix A and must be obtained the same day the claim is received in CT. Work item numbers can be obtained by contacting the assigned project manager in CESWG-OD if the claim is the subject of an operations and maintenance contract. If the claim is the subject of a Construction General (CG) or a General Investigation (GI) contract, work item numbers can be obtained by contacting the assigned project manager in CESWG-PM-J. Primary District elements responsible for claim administration, investigation or adjudication will be required to contact the principle program funding office to obtain a funded work item number.

c. The CT POC will prepare a claims receipt acknowledgment letter (Appendix B) and a claim transmittal memorandum (Appendix C) for the signature of the Contacting Officer. The type of acknowledgment letter, as illustrated in Appendix B, will be based on the following:

(1) If the amount of the claim is $ 100,000.00 or less and requests a Contracting Officer's Final Decision, a letter will be prepared as in Appendix B-1,

(2) If the amount of the claim exceeds $ 100,000.00, is certified, and requests a Contracting Officer's Final Decision, a letter as in Appendix B-2 will be prepared.

d. If the claim letter does not meet the criteria in (1) or (2) above, the claim will be referred to the Office of Counsel for further action.

e. Subsequent to the preparation of the claim acknowledgment letter, the CT POC will make four copies of the claim package (claim letter with attachments) and will make the following distribution:

originals - official contract file

1 copy with original claim acknowledgment letter and claim transmittal memo for signature - Contracting Officer

1 copy with signed transmittal memo requesting claims analysis (Appendix C)

- Administrative Contracting Officer

2 copies - Office of Counsel

NOTE: Any correspondence by the Contracting Officer with regard to a contract claim shall be routed through Office of Counsel for review.

f. Once the CT POC has received a signed claim acknowledgment letter it will be forwarded to the claimant by certified mail return receipt requested. If the claimant is represented by legal counsel, a copy of the acknowledgment letter will be forwarded to the claimant's attorney. The CT POC will then make three copies and make the following distribution:

Yellow copy - Official Contract file

1 copy - Contracting Officer

1 copy - Administrative Contracting Officer

1 copy (with copy of claim transmittal memo to ACO) - Office of Counsel

**10. PROCEDURE FOR CONTRACTOR NOTIFICATION OF CLAIMS PROCESS.** At the pre-construction conference, post award meeting or by letter the ACO will advise the Contractor of the following:

a. All requests for relief, proposals for modifications, and any other contract proposals will be forwarded to the Area Office or pertinent District office administering the contract, for consideration by the ACO;

b. If it becomes necessary for a claim to be submitted under the "Disputes Clause" the claim should be filed with the designated Contracting Officer at the following address: Contracting Division, U.S. Army Corps of Engineers, P.O. Box 1229, Galveston, Texas 77553-1229;

c. A copy of the claim is to be simultaneously forwarded to the ACO;

d. The words "CONTRACT CLAIM PACKAGE" should appear on the bottom right corner of the envelope containing the claim material;

e. A claim will not be considered a claim unless the basis for it is in dispute between the Government and the Contractor when submitted;

f. Any claim that is submitted must conform to the certification requirements of the Contract Disputes Clause in the contract; and

g. If the claim does not conform it will be considered defective and the Contracting Officer will notify the contractor in writing within 60 days of receipt of the claim that no Final Decision will be issued until the claim is properly certified.

## 11. OFFICE OF COUNSEL PROCEDURE FOR INITIATING MATTER TRACKING SYSTEM (MTS) DATA INPUT

a. Claim Data Sheet data must be entered into MTS within 3 days from receipt of a claim.

b. Upon receipt of a Claim Data Sheet (CDS) and prior to data entry, the MTS administrator will forward the CDS to the District Counsel for initial review and attorney assignment which is to be indicated on line 12 (See Appendix A-2, Figure A1). No initial entry is necessary on line 9, Case Difficulty, when assigning a claim number. Once the claim package has been received by the Office of Counsel, the attorney assigned to the claim will fully review the claim and consult with the District Counsel to determine the case difficulty. Once this is done, the case difficulty will be entered into MTS.

## 12. PROCEDURES FOR ADMINISTRATIVE CONTRACTING OFFICERS REGARDING CLAIM INVESTIGATION AND DOCUMENTATION.

a. All information and material obtained, compiled and/or written under this section is not to be released to the public or the Contractor without the authorization of the Office of Counsel. All Government Estimates are to be marked "For Official Use Only".

b. Upon receipt by the ACO of the claim from the CT POC, the ACO will investigate and prepare a claims analysis memorandum of the claim which will be forwarded to the Office of Counsel within the time specified in the transmittal memorandum (Appendix C). If additional time is needed the Office of Counsel is to be notified for concurrence.

c. The claims analysis memorandum will contain a reference to the following as applicable:

(1) Relevant contract provisions, specifications, modifications or drawings;

(2) Pertinent regulations (ER, EFARS, FAR, etc.);

(3) Relevant technical manuals;

(4) Any other pertinent official publications; and

(5) Enclosures to the memorandum that are relevant to the claim as described in paragraph d below.

d. The analysis should contain a summary of the Contractor's position as well as the ACO's position. It should highlight the principal facts of the claim which support the position taken by

the field. It should also include a discussion of any claim item that is not supported by documentary or other factual evidence, and, as such, may be attributable to a misrepresentation of fact. It should be emphasized that all pertinent information relative to any dispute should be disclosed even if it might favor the Contractor's position. Nondisclosure often results in substantial loss of work effort at one or more levels of the District. The analysis should include a summary of all pertinent correspondence to the claim, a review of contractor quality control reports, the Government Quality Assurance Reports noting entries that are pertinent, review of inspectors' diaries noting pertinent entries, review of photographs of the work in question, review of memos to file on meetings or telephone conversations pertinent to the claim, and review of all other records available, noting those which may be pertinent. Any of the above referenced records which are deemed pertinent to the claim should be copied, if possible, with copies set aside to be forwarded to the Office of Counsel. If impossible to copy, the originals should be set aside and forwarded. Analyze the claim in terms of whether it complies with the various time limits for notice that a claim exists are stated in the CHANGES, DIFFERING SITE CONDITIONS, or SUSPENSION OF WORK clauses. Such analysis should include evidence of prejudice resulting to the Government because timely notice was not provided. Upon completion of the analysis, the Administrative Contracting Officer will write a recommendation on the disposition of the claim.

e. Supporting Documentation to the Claims Analysis. The technical analysis shall be accompanied by all necessary supporting documentation as described below. If certain portions of the backup material are unavailable, that material which is available should be forwarded along with a description of the material that is unavailable and a statement as to its disposition. Supporting documentation is as follows:

(1) Relevant correspondence between Contractor and ACO or other Government employees;

(2) Internal memorandums, memos on meetings with Contractor or Government personnel, etc.;

(3) Memorandums for Record;

(4) Conversation Records;

(5) Quality Control Reports;

(6) Quality Assurance Reports;

(7) Progress charts, CPM printouts, shop drawings, submittal and approvals which might bear on claim;

(8) Pay estimates and backup;

(9) Business Clearance Memorandums or Price Negotiation Memorandums;

(10) Lab test results;

(11) Photographs (originals only);

(12) Videos;

(13) Inspector's diaries or engineer/survey party field notes;

(14) Written statements of Government employees with first hand knowledge of facts relevant to claim;

(15) Design memorandums;

(16) Government Cost Estimates; and

(17) Any other favorable or unfavorable information or evidence which is pertinent to the claim.

f. Witnesses. Identify all Government employees and other individuals who are familiar with the facts of the claim and state, in general, the subjects with which they are familiar. If the employee has a day-to-day knowledge regarding the facts of the claim, his/her written statement identifying the claim, discussing his/her knowledge of it, identifying facts which tend either to refute or verify the Contractor's contentions, and identifying contract documents which support his/her position should be secured. Witness statement should be obtained by using DA Form 2823 (Appendix D) or any other similar form.

## 13. PROCEDURES FOR CLAIMS CONFERENCES.

a. The purpose of the conference is to allow the Contractor to formally present evidence and discuss the merits of the claim. The ACO can also use this conference to present his/her position on the claim. The Government and the Contractor's representatives should utilize the conference or conferences to objectively explore the facts involved. The Government should reveal the facts and evidence upon which its position is based and the Contractor should be requested to do likewise. If the Contracting Officer determines that the formal claim has merit in whole or part, an attempt can be made to negotiate an equitable price settlement, either at the conference or at a later time agreed to by the parties. Otherwise, the Contracting Officer should take the matter under consideration to determine the appropriate course of action with advice of legal counsel.

b. The Contractor can request a claims conference in writing by the date specified in the claims acknowledgment letter. The Contractor will forward the letter to the CT POC. Once received, the CT POC will date stamp the letter and forward a copy to the Assistant District Counsel handling the claim. Counsel will be responsible for scheduling the conference and notifying all parties including the DDE for Project Management.

c. The Contracting Officer may attend the conference personally or designate one or more Government personnel, not connected with the claim, to attend as his/her representative.

d. The ACO or a designee will act as the Government's advocate at the claims conference. However, the ACO may request that the Contracting Officer, with the concurrence of the Division Chief, designate someone to act as a representative and present the Government's position, pose questions to the Contractor and witness at the conference. This person should be someone familiar with the nature of the contract.

e. The following is a suggested agenda for facilitating the claims conference. The Contracting Officer may choose any agenda that he/she deems appropriate. Any agenda, including the one stated herein, will be communicated to the Contractor. The District Counsel will assign an attorney to attend all conferences to advise the Contracting Officer or his designee. The Contracting Officer is to act in complete impartiality at the conference. Nothing in this section is to be construed as prohibiting the Contracting Officer from appointing an attorney to represent him at the claims conference.

(1) Contracting Officer or designee will make opening remarks;

(2) Contractor will be allowed to make opening remarks and present evidence that supports the claim;

(3) The ACO or the Government advocate will be allowed to pose questions to the Contractor and to each of Contractor's witnesses, if any, as they are presented;

(4) Upon conclusion of the Contractor's presentation, the ACO or Government advocate will make opening remarks and present the Government's position;

(5) The Contractor will be allowed to pose questions to the ACO or Government advocate and to each Government witness, if any, as they are presented;

(6) The Contracting Officer or designee may ask questions or make comments concerning the claim and what is being presented at anytime during the conference; and

(7) The Contracting Officer may hold discussions on the claim upon conclusion of the presentations or may take the claim under advisement. If a designate is appointed the claim can only be taken under advisement with the designee reporting back to the Contracting Officer.

**14. ALTERNATIVE DISPUTE RESOLUTION.** Pursuant to FAR 33.204, EFARS A3-203(c) and CESWD-OC memorandum, dated 13 February 1992, attorneys and contracting officers are to evaluate all claims to determine whether an alternative dispute resolution method would be an appropriate vehicle for resolving the dispute. Examples of cases in which ADR may have a practical application would be where there is recognition by the Corps of some liability but there is a dispute as to the facts or a disagreement over quantum.

However, ADR should not be utilized in the following cases:

a. when one or more of the conditions cited in 5 U.S.C. 572(b) exist;

b. where there is no clear legal precedent or no basis for liability; or

c. when such other specific reason arises that would make the application of ADR impractical or ineffective.

An evaluation of claims should be made with input from the functional District element responsible for the contract administration.

**15. PROCEDURE FOR ISSUANCE OF CONTRACTING OFFICER'S FINAL DECISIONS.**

a. General. When conferences with contractor representatives do not result in a written settlement of the contract dispute claim, e.g., claim withdrawn in writing or modification issued, or if no claims conference is held and it appears that additional discussions would serve no useful purpose, the Contracting Officer will issue a final Decision on the contract dispute claim. The Decision will be issued within 60 days of the receipt of the written claim from the Contractor, unless otherwise withdrawn, if the claim is $ 100,000.00 or less. If the amount of the claim is over $ 100,000.00, a decision will be issued or the contractor notified when a decision will be issued within 60 days.

b. Procedure. The procedure for issuing Contracting Officer's Final Decisions will be in accordance to the Contract Disputes Act of 1978, 41 U.S.C. 601-613 as amended, FAR 33.211. and EFARS A-3-204.2

**15. GOVERNMENT CLAIMS.**

a. Contract dispute claims in favor of the Government should be processed using, as guidance, procedures set forth in paragraphs 8 through 12.

b. The Contracting Officer shall issue a written decision on any Government claim initiated against a Contractor.

c. There must be a matter in dispute to assert a claim against a Contractor.

d. The ACO, prior to forwarding a Government claim to the Contracting Officer for disposition, will forward to the Contractor a Government Contract Credit Proposal, outlining the basis for the credit, along with a request for an itemized credit breakdown, which shall be in sufficient detail to permit an analysis of all elements of the credit.

e. The ACO will make all efforts to negotiate with the Contractor concerning the credit. However, if the matter becomes a dispute, the ACO will send the Contractor a Notice of Intent to

File a Government Claim (Appendix E) and follow procedures in 13 b-d in forwarding the Government's claim to the Contracting Officer.

**17. CONCLUSION.** It is the responsibility of the Corps of Engineers and the Galveston District that contractors receive fair and impartial as well as prompt decisions on contract dispute matters. This requires each person in the chain of command dealing with contract claims to give immediate attention to any correspondence setting forth a claim and, if the matter cannot be resolved at any given level, the report to the next office should be accurate and complete, divulging those facts not only supporting a denial of the claim but, as mentioned above, those which may appear to be detrimental to the Government's position.

(CESWG-OC)

FOR THE COMMANDER:

Louisa F. Huysl
for GUY F.WILLIAMS
Chief, Information Management Office

5 Appendixes
Glossary
APP A - Procedure for Obtaining Claim Numbers
APP B - Example Claim Acknowledgment Letters
APP C - Example Claim Transmittal Memorandum to Area Office
APP D - DA Form 2823 (Sworn Statement)
APP E - Example of Notice of Intent to File A Government Claim

DISTRIBUTION:
1 - CESWD-OC
1 - CESWG-OC
5 - CESWG-CT
3 - CESWG-EC
3 - CESWG-PE
2 - CESWG-LO
2 - CESWG-IM
9 - CESWG-OD

# GLOSSARY OF TERMS

**Contract Claim.** A written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. A claim arising under a contract, unlike a claim relating to that contract, is a claim that can be resolved under a contract clause that provides for the relief sought by the claimant. A voucher, invoice or other routine request for payment that is not in dispute when submitted is not a claim. A written demand or written assertion by the Contractor seeking the payment of money exceeding $ 100,000.00 is not a claim under the Act until the contractor request a Contracting Officer's Final Decision and submits with the demand a certification that states:

"I certify the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor."

NOTE: This certification is also required for claims of any amount in which alternative means of dispute resolution or other mutually agreeable procedures are used.

For a claim of $ 100,000.00 or less no certification is required. The Contractor need only request a Contracting Officer's Final Decision.

A claim by the Contractor shall be made in writing and submitted to the Contracting Officer for a written decision. A claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer pursuant to the provisions stated herein. There must be an existing dispute at the time a Contractor submits a request to be considered as a claim.

**Contract Dispute.** A dispute arises when the Contractor and the Government have reached an impasse during negotiations over the resolution of a request for relief or a proposal for contract modification as well as disagreement over the interpretation of contract documents. A dispute may also arise when the Administrative Contracting Officer has made an initial determination that the request or proposal has no merit.

**Contracting Division Point of Contact for Contract Claim Intake (CT POC).** The Chief of Contracting will assign personnel to perform the duties as prescribed in paragraph 8 below. The CT POC will be responsible for all central processing and document control of contract claims.

**Contacting Officer.** Any person who has the authority to enter into and administer contracts on behalf of the United States Government, make determinations and findings of fact with respect thereto. This term also includes the authorized representative of the Contracting Officer acting (ACO or COR) within the limits of his/her authority.

---

Except for claims involving fraud, or for penalties or forfeitures which another federal agency is authorized to settle, the Contracting Officer may, within any specific limitations in his/her warrant, decide all claims relating to a contract subject to the Contract Disputes Act.

**Contracting Officer's Final Decision.** A written document furnished to the Contractor which contains Findings of Fact, Analysis, and the Contracting Officer's conclusions on the contract claim. The decision must be personal, independent exercise of the Contracting Officer's own judgment, under consistent interpretations by courts and boards of contract appeals. It must be legally sufficient and defensible in any subsequent litigation.

**Contracting Officer's Representative (COR) or Administrative Contracting Officer (ACO).** A contracting officer administering contracts within the limits of his/her authority as delegated, in writing, by the Contracting Officer. ACO as used in this memorandum also include COR.

**Date Computation.** All dates stated herein are to be computed on a calendar day basis.

**Operations Project Manager(OPM).** The OPM is responsible for managing projects parameters and interfacing with those involved in operations and maintenance (O&M) project process. This individual is designated by the Chief of Navigation Branch for dredging and channel maintenance projects and by the Chief of Project Operations Branch for district facilities. It is essential in O&M projects that the OPM be notified and kept informed of any contract claims or significant modifications. This will enable him to advise the local sponsor and other customers who may have financial stake in the outcome any additional cost to the project.

**Project Manager.** The project manager is responsible for managing the project parameters as well as interfacing with those involved in the project process, as described in ER 5-7-1 (30 Sept 92). This individual is designated by the Deputy District Engineer for Project Management (DDEPM). It is essential, in construction general contracts, that the project manager in Programs and Project Management Division (PPMD) be notified and kept informed of any contract claims or significant modifications. This will enable him to advise the local sponsor and other customers who may have financial stake in the outcome any additional cost to the project.

**Request for Adjustment/Relief.** Any written request by a Contractor for the payment of money, granting of time or equitable adjustment, interpretation of contract terms or other relief, not in dispute, arising under or relating to the contract. Such a request will not have been certified pursuant to the Contract Disputes Clause or will not have a request for a Contracting Officer's Final Decision under the Disputes Clause.

APPENDIX A

Procedure for Obtaining Claim Numbers

Claim numbers will be assigned by the Matter Tracking System (MTS). The number can be obtained by completing the Claim Data Sheet (CDS) on page A-2 (Fig. A1) and presenting the form to the MTS administrator in the Office of Counsel. A copy of the CDS will also be provided to the DDE for Project Management as notification of a pending claim.

To complete the form, follow the instructions below. All information should be obtainable from the contractor's claim. If any assistance is needed, contact the MTS administrator.

Line (1) Office symbol
(2) Leave blank
(3) Current date in MMDDYY format
(4) Contractor's name
(5) Enter name of project
(6) Enter location of project
(7) Enter complete contract number
(8) Enter dollar amount claimed, rounded off
(9) Leave blank
(10) Must enter number of days claimed or 0 if none
(11) Enter Contracting Officer's name; Last name, first name
(12) Leave blank
(13) Date claim received if $ 100,000.00 or less
(14) Date certification of claim received if over $ 100,000.00
(15) Leave blank
(16) Date claim received (same as line 13 or 14)
(17) Write in general subject area the contractor is claiming (i.e. Differing site conditions, defective specifications, changes, delay, time extension)

Facts and Issues: Write in brief description of what the contractor is claiming.

The MTS administrator will complete areas that are left blank.

Once the claim number is received it is to be written or stamped on the face of the claim letter and referenced in all correspondence and memorandums.

Figure A1

CLAIM DATA SHEET

(1) Office I.D.: ____________ (2) File No.: # ____________ (3) Orig.Date: ____________

(4) File Name: ____________________________________________

(5) Project Name: ____________________________________________

(6) Location: ____________________________________________

(7) Contract No: ____________________ (8) Relief Requested: ____________

(9) Case Difficulty: ____________________ (10) Time (days): ____________

(11) CO Contracting Officer's Name: ________________________________

(12) CAFA FOA/ADC Attorney Name: ________________________________

***Claims under $100,000 use RFR date/Over $100,000 use cert. date***

(13) RFR Date Relief Requested: ____________ (14) CTDAT Certification Date: ____________

(15) File No.: (MTS will automatically enter #) ________________________

(16) RCOD Request for Contracting Officer's Decision: ____________________

(17) Type of Case: ____________________________________________

Facts and Issues: 1. ____________________________________________

2. ____________________________________________

3. ____________________________________________

4. ____________________________________________

5. ____________________________________________

(Describe issues raised by Contractor and Gov't)

Contracting ____________________ Date ____________________

District Counsel ____________________ Date ____________________

MTS Administrator ____________________ Date ____________________

APPENDIX B
EXAMPLE CLAIM ACKNOWLEDGEMENT LETTER #1

(LETTERHEAD)
March 3, 1994

Contracting Division

SUBJECT: Claim on Contract Number DACW64-00-C-0000 dated March 2, 1994, for Differing Site Conditions

Mr. D.M.K. Keys
President
Keys Construction International, Inc.
56 Rue Lafayette
New Orleans, Louisiana 32401

Dear Mr. Keys:

I have received the above reference claim submitted by you on behalf of your company on March 3, 1994. Pursuant to the Contract Disputes Act 41 U.S.C. 605 (c) (1), a decision will be issued by **June 3, 1994***.

An initial review of your claim reveals that it is for $38,103.42 and no days. If this is incorrect please advise.

If you wish to submit any additional material in support of your claim, please feel free to do so at this time. If you would like to schedule a claims conference to present any matters that would further support your claim, you may request a conference, in writing, prior to **March 23, 1994****.

Should you have any questions or comments, please contact *(CT POC's Name and phone number)*.

Sincerely,

Thomas Benero
Contracting Officer

~~* The date to insert for a decision to be issued will be 60 days from the date the claim was received.~~

** The deadline to insert to request a conference will be 15 days from the date claim is received.

EXAMPLE CLAIM ACKNOWLEDGEMENT LETTER #2

(LETTERHEAD)
July 1, 1994

Contracting Division

SUBJECT: Claim on Contract Number DACW64-00-C-0000 dated June 28, 1994 on Bid Item #6

Mr. D.M.K. Keys
President
Keys Construction International, Inc.
53 Rue Lafayette
New Orleans, Louisiana 32401

Dear Mr. Keys:

I have received the above referenced claim submitted by you on behalf of your company on June 30, 1994. Pursuant to the Contract Disputes Act 41 U.S.C. 605(c) (2)(B), I am notifying you that a Contracting Officer's Final Decision will be issued by **December 30, 1994***. Since your claim is in excess of $100,000.00, you will be notified on or before this date should a longer period be needed to render a decision

An initial review of your claim reveals that it is for $820,016.25 and 23 days. If this is incorrect please advise.

If you wish to submit any additional material in support of your claim, please feel free to do so at this time. If you would like to schedule a claim conference to present any matters that would further support your claim, you may request a conference, in writing, prior to **July 15, 1992****.

Should you have any questions or comments, please contact _(CT POC's Name and phone number)._

Sincerely,

Thomas Benero
Contracting Officer

Copy furnished:

Money Maker, Esq.
5800 One Dollar Dr.
Houston, Texas 70808

APPENDIX C
EXAMPLE TRANSMITTAL MEMO TO AREA OFFICE

CESWG-CT (MARKS file number) Date

MEMORANDUM FOR: CESWG-AO-N

SUBJECT: Claim No.____________ of Keys Construction International, Inc. for $38,103.42 on Contract No. DACW64-00-C-0000, Modification P00001

1. Reference: OM 1180-1-18, para. 11

2. Enclosed is a copy of a new claim by Keys Construction dated 2 March 1994 and received 3 March 1994.

3. It is requested that a claims analysis be provided to Office of Counsel in accordance with paragraph 11 b.

4. The work item number for this claim is _*(See Sec. 9b)*_.

5. Pursuant to 41 U.S.C. 605 (c), a Contracting Officer's Decision must be issued within 60 days from the date the claim is received. Therefore, an analysis is needed NLT **23 March 1994***. Your assistance in this matter will be greatly appreciated.

6. Should you have any questions please contact _*(name of Asst. District Counsel assigned to claim)*_ at _*(ext.)*_.

Encl
CF: w/o encls EC

Thomas Benero
Contracting Officer

*** If the claim is $100,000 or less the NLT date should be 15 days from the date the claim was received. If the claim is for more than $100,000 the NLT date should be 45 days from the date the claim was received and the following paragraph substituted:**

5. Pursuant to 41 U.S.C. 605 (c)(2)(b), a Contracting Officers Decision will be issued by *(insert date from para. 1 of Acknowledgement letter #2 Appendix B)*. Therefore, an analysis is needed NLT ________________.