# EXHIBIT D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WEEKS MARINE, INC., Plaintiff, v. UNITED STATES, Defendant. | No. 02-205C (Judge Allegra) |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the Court of Federal Claims, defendant responds and objects as follows to plaintiff's First Request for Production of Documents.

## GENERAL OBJECTIONS

The following general objections are stated with respect to each document request whether specifically identified in response thereto:

1. Defendant objects to each document request to the extent that plaintiff's "Definitions" and "Instructions" seek to impose on defendant burdens that are inconsistent with, or not otherwise authorized by, the Rules of the Court of Federal Claims or any order entered by this Court. Defendant will construe and respond to the document requests in a manner consistent with the Rules of the Court of Federal Claims, and not otherwise.

2. Defendant objects to plaintiff's request that original documents be produced at the offices of plaintiff's counsel. In accord with the Rules of the Court of Federal Claims, non-privileged documents responsive to each request to which we do not otherwise object will be

produced for plaintiff's inspection and copying as they are kept in the ordinary course of business.

3. Defendant objects to each document request to the extent that it calls for information or the production of documents that are protected from the disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or doctrine. Defendant uses the word "privilege" in these objections and responses to refer to any of these grounds for protection from disclosure. Defendant declines to provide such information or produce such documents, and nothing in these objections and responses or in any production of documents by defendant is intended to be or is a waiver of any privilege. Defendant reserves the right to retrieve and to prevent the uses of any privileged or protected documents inadvertently produced.

4. Defendant objects to each document request as overbroad and unduly burdensome to the extent that it seeks information or documents that are already in plaintiff's possession or are equally available to plaintiff through public sources.

5. Defendant objects to each document request to the extent that it seeks information or the production of documents that are trade secrets or proprietary information or within the scope of a confidentiality agreement, protective order, or settlement agreement, or that otherwise requires consent of any third party prior to production.

6. Defendant objects to each document request to the extent that it seeks production of "all" documents responsive to the requested categories on the grounds that such request is overbroad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action. Subject to these objections, defendant will use reasonable diligence to locate documents in those files in which it reasonably expects to find responsive documents.

7. Defendant objects to each document request to the extent that it assume the admissibility, truth, accuracy, or relevance of any information or document, or seeks an admission from defendant regarding these matters. In responding to these requests, Defendant makes no such admissions, and on the contrary preserves the right to raise at trial or any other subsequent proceedings in this or any other action, all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence of any information or documents identified or produced in response to these requests.

8. These responses have been prepared before the identification and review of all files considered reasonably likely to contain responsive materials. Accordingly, a statement in these responses that particular documents or categories of documents will be produced is not to be construed as a representation that such documents in fact exist.

**RESPONSES AND SPECIFIC OBJECTIONS**

**REQUEST NO. 1**

Any and all documentation relating to the origination or funding of the geotube project by the Waterways Experiment Station or any other entity.

**Objections:**

Defendant objects to this request as overbroad, unduly burdensome, vague, and not relevant to the claim or defense of any party to this action to the extent that it seeks "any and all" documents "relating to" the United States Army Engineer Research and Development Center f/k/a Waterways Experiment Station ("ERDC") "or any other entity."

Defendant further objects to this request as vague and ambiguous to the extent that it is

unclear what is meant by "origination or funding" of the Mouth of the Colorado River geotextile tube project.

**Response:**

Subject to the foregoing general and specific objections, defendant will produce, to the extent they exist, non-privileged responsive documents that refer to or evidence any role played by the ERDC in developing or analyzing the Mouth of the Colorado River geotextile tube project.

**REQUEST NO. 2**

A copy of the operations manual as mentioned in the deposition of Don Carelock.

**Objection:**

Defendant objects to this request to the extent it seeks any privileged documents or information regarding Mr. Carelock's communications with counsel for the purpose of preparing an analysis of plaintiff's claim.

**Response:**

Subject to the foregoing general and specific objections, defendant will produce a copy of SWGOM 1180-1-18, Department of the Army, Galveston District, Corps of Engineers Memorandum No.1180-1-18, dated 14 June 2000, entitled "PROCEDURES FOR HANDLING CONTRACT CLAIMS."

**REQUEST NO. 3**

Any and all documents referencing or relating to any communications between any employees, agents for representatives of the U.S. Corps of Engineers regarding the geotube project.

**Objections:**

Defendant objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not relevant to a claim or defense of a party to this action to the extent that it seeks "any and all" communications between "any employees, agents [or] representatives" regarding the Mouth of the Colorado River geotextile tube project.

Defendant further objects to this request to the extent that it seeks any privileged documents or information regarding the Mouth of the Colorado River geotextile tube project, including but not limited to any analysis of plaintiff's claim.

**Response:**

Subject to the foregoing general and specific objections, defendant has produced or will produce printouts of non-privileged email communications and attachments referring to the Mouth of the Colorado River geotextile tube project from the email boxes of Don Carelock, Hayman Dengler, Mike deMasi, and Ronnie Barcak.

**REQUEST NO. 4**

Any and all reports relating to the geotube project.

**Objections:**

Defendant objects to this request as vague and overbroad for seeking "reports."

Defendant further objects to this request to the extent that it seeks any privileged documents or information regarding the Mouth of the Colorado River geotextile tube project, including but not limited to any analysis of plaintiff's claim.

**Response:**

Subject to the foregoing general and specific objections, defendant will produce a copy of the article entitled "Alternatives for Reducing Shoaling at the Mouth of the Colorado River Navigation Channel, Texas," whose authors are identified on the face of the articles as Nicholas C. Kraus, Lihwa Lin, and Ronnie G. Barcak.

**REQUEST NO. 5**

Any and all daily logs, notes, files or other documents kept by any member of the Corps of Engineers regarding the geotube project.

**Objections:**

Defendant objects to this request as overbroad, unduly burdensome, and vague to the extent that it seeks "files or other documents" regarding the Mouth of the Colorado River geotextile tube project.

Defendant further objects to this request to the extent that it seeks any privileged documents or information regarding the Mouth of the Colorado River geotextile tube project, including but not limited to any analysis of plaintiff's claim.

**Response:**

Subject to the foregoing general and specific objections, defendant will produce copies of the "Quality Assurance Report (QAR) Daily Log of Construction – Civil" for the Mouth of the Colorado River geotextile tube project and handwritten notes of Mike Bragg.

**REQUEST NO. 6**

Any and all photographs of the general vicinity or specific vicinity where the geotube project was to be installed.

**Objections:**

Defendant objects to this request as vague to the extent that it is unclear what is meant by "general vicinity or specific vicinity" of the Mouth of the Colorado River geotextile tube project.

**Response:**

Subject to the foregoing general and specific objections, defendant will produce copies of photographs taken by Mike deMasi and Abel Contreras of jetties and other man-made and natural features at the Mouth of the Colorado River.

**REQUEST NO. 7**

Any and all documents comprising the original disk with survey data on it, as mentioned in the deposition of Jose Moreno.

**Objections:**

Defendant objects to this request as vague to the extent that it is unclear what is meant by the "original" disk with survey data on it.

**Response:**

Subject to the foregoing general and specific objections, defendant will produce a copy of a floppy diskette containing survey data compiled by Jose Moreno of the eastern jetty at the Mouth of the Colorado River.

**REQUEST NO. 8**

Any and all documents referencing or relating to the geotube project.

**Objections:**

Defendant objects to this request to the extent as duplicative of plaintiff's other document

requests.

Defendant further objects to this request as overbroad, unduly burdensome, vague, and not relevant to the claim or defense of any party to this action to the extent that it seeks "any and all documents referencing or relating to" the Mouth of the Colorado River geotextile tube project.

Defendant further objects to this request to the extent that it seeks any privileged documents or information regarding the Mouth of the Colorado River geotextile tube project, including but not limited to any analysis of plaintiff's claim.

**Response:**

Subject to the foregoing general and specific objections, defendant will produce, to the extent not produced in response to Request Nos. 1-7, non-privileged documents that refer to the Mouth of the Colorado River geotextile tube project, that are relevant to the claim or defense of any party to this action, and that are reasonably available from the files of persons who were involved in the Mouth of the Colorado River geotextile tube project.

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972

Dated: February 4, 2003

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify that on this, the 4 th day of February, 2003, I caused to be delivered by fax and by U.S. Mail, copies of "DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS," addressed as follows:

Danne W. Webb, Esq.
Miller Law Firm
4310 Madison Ave.
Kansas City, MO 64111

John A. Williamson

# EXHIBIT E

From: Dolly Murphy [DMurphy@mlfkc.com]
Sent: Wednesday, February 05, 2003 3:42 PM
To: Williamson, John

MILLER LAW FIRM
A PROFESSIONAL CORPORATION
4310 MADISON AVENUE
KANSAS CITY, MISSOURI 64111
TELEFAX (816) 561-6361
(816) 531-0755
DANNE W WEBB

February 5, 2003

VIA E-MAIL: John.Williamson@usdoj.gov <mailto:John.Williamson@usdoj.gov>

Mr. John Williamson
Commercial Lit. Branch, Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

Re: Dredge America/USARC Claim
Our File No. 1555.01

Dear John:

This letter follows our telephone conversation yesterday afternoon regarding the documents that were produced by the government in this case and, specifically, your position that certain of those documents are protected by the work product doctrine. The purpose of this letter is to try to attempt in good faith to resolve what either is or may become a discovery dispute.

During the depositions in Galveston on November 19 and 20, you indicated to me that you believed the government may have produced certain documents in contravention of the work product doctrine. To the best of my recollection, you indicated that the documents related to certain analysis of my client's claim, which analysis was conducted by the Corps of Engineers. I indicated to you at that time that I had no specific recollection of reviewing the

materials you were referencing and, in fact, I do not recall from that conversation, or from our discussion on Tuesday, February 4, 2003, exactly which document(s) you are concerned about.

As you and I discussed at that time, the issue was compounded by the fact that the government produced literally thousands of pages of documents as part of the initial disclosures in this case and none of the documents were bates labeled or otherwise identified for ease of segregation, identification or separation.

I do recall during our conversation that I invited you to provide to me any authority for your position that the materials are in fact protected by any privilege. You and I discussed potential resolutions of the issue. I indicated to you that I would not be making a search for those documents in light of your position. I further recall us discussing the possibility of having the documents in question reviewed by the court in camera to determine whether the privilege in fact attached to them.

Following that conversation on the 19th or the 20th of November, two and a half months have pasted. I have heard nothing further from you on that issue; in fact, I initiated further discussion about the question when we talked yesterday, because, as set forth below, I am in a difficult predicament in that I must prepare for the upcoming depositions.

In the meantime, you and I have been conversing regularly about the additional depositions in this case, including the depositions of Mr. Dengler and Mr. Barcak. In preparing for those depositions, I again began to review the documents that were produced by the government. As I began my review, I recalled that you had expressed some concern about certain of the documents. I still, however, do not have a clear understanding as to which documents you contend are privileged. I will represent to you that I have not made a search, nor do I intend to make a search, of the documents the government provided for the purposes of attempting to locate or isolate those documents. I do not believe that is my burden, nor is it my responsibility. Similarly, and perhaps more importantly, I certainly do not intend to take any action that would run afoul of any ethical rules of any kind.

---

However, we have a practical dilemma. In need to prepare for the depositions of two of the key witnesses for the Corps of Engineers, and I need to review the documents produced by the government to properly and fully prepare for those depositions. Although you have verbally advised me

of your belief that some materials were inadvertently produced in violation of the work product doctrine, I simply do not know which documents those are. Moreover, to date you have not taken any steps to attempt to persuade me of your position or to obtain any rulings from the court on the issue.

As we discussed on the phone, I have been trying to decide how best to address the practical concerns without having either of our clients give up their respective rights. Ideally, you would have enough time to prepare whatever you wanted to file with the judge to obtain a ruling prior to the depositions as to the use of those materials. However, we are less than a week away from those depositions. (I presume that none of the documents you are concerned about were used in the November deposition as exhibits.)

I suggested to you that I would allow you to assert on the record any objections that you might have to any of the materials that I will be using in the depositions. The alternative is for us to adjourn those depositions, obtain a ruling from the court on the discoverability of those documents, and then reconvene the depositions in the event the judge determines that the documents are somehow protected from disclosure. This would cause extreme prejudice to my client, who would be forced to endure the delay and consequent expense in the event we are right. (Obviously, we would look to the government to reimburse any expenses; however, as you know, my client needs resolution to this entire case quickly, as his business is suffering greatly as a result of the losses in this case.)

The remedy that I have proposed, I believe, represents a best case scenario for both of us. If you have any other practical solutions or ideas, I would welcome the opportunity to discuss them. Again, I will give you my assurance that I will not seek any documents out; however, I must continue to prepare for the depositions by reviewing the three volumes and thousands of pages that were produced to me. I cannot assure you that I have not seen or will not run across those documents in my preparation, since you have not identified them with sufficient particularity or specificity for me to know how to stay clear of them.

Please let me hear from you at your earliest convenience as to your thoughts. I am hopeful we can resolve this issue without delaying the progress of the case. I look forward to hearing from you. Thank you.

---

Very truly yours,

MILLER LAW FIRM, P.C.

Danne W. Webb

DWW/dmm
cc: Dan McDougal (via e-mail)
Steve Chatry (via facsimile)
OutboundAppend=

The information transmitted by the following E-Mail is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.
If you received this communication in error, please contact us immediately at (816) 531-0755, and delete the communication from any computer or network system.