**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WEEKS MARINE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **02-205C** |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNOPPOSED APPLICATION FOR MODIFICATION OF**
**<u>SUMMARY JUDGMENT FILING DEADLINES</u>**

Plaintiff, Weeks Marine, Inc. ("Weeks") files this unopposed application to extend filing deadlines. In support of this application, the parties state as follows:

1. This case is being presented to the Court for ruling on summary judgment motions. A telephone status conference was held in the case on July 3, 2003, and this Court issued its Order on that date setting the following briefing schedule:

(a) Plaintiff shall file its motion for summary judgment on or before August 29, 2003;

(b) Defendant shall file its cross-motion for summary judgment and response to Plaintiff's motion on or before October 3, 2003;

(c) Plaintiff shall file its reply brief and response to Defendant's cross-motion on or before October 31, 2003; and

(d) Defendant shall file its reply to its cross-motion on or November 21, 2003.

2. The Court currently has under consideration Plaintiff's motion to compel the production of certain documents that were prepared by the Government in response to Plaintiff's

claim for equitable adjustment. Plaintiff filed that motion to compel on June 24, 2003, and Defendant filed its brief in opposition on July 21, 2003.

3. During the telephone status conference on July 3, 2003, this Court specifically ordered that Plaintiff was not to file a reply brief on the motion to compel unless specifically requested by the Court. Counsel for Plaintiff stands willing to provide a reply brief if this Court would find such a brief to be helpful in disposing of the motion to compel; however, in obedience to this Court's verbal order in the status conference, Plaintiff has refrained from replying.

4. If the motion to compel is granted, additional, albeit limited, discovery may be necessary with regard to the documents that are sought by Plaintiff.

5. Defendant does not oppose Plaintiff's request to extend the briefing schedule as proposed, but in the event the Court grants Plaintiff's motion to compel, Defendant reserves its right to argue that Plaintiff cannot seek discovery concerning the privileged documents now that fact discovery has ended.

6. In order to allow this Court sufficient time to consider and decide the motion to compel and to allow for any subsequent discovery that might be necessary, Plaintiff respectfully requests that each of the filing deadlines established by this Court in its July 3, 2003 Order be extended by thirty days respectively.

7. This request is not made for the purposes of hindrance or delay, but is requested in the furtherance of justice and judicial economy to allow this Court to consider the summary judgment issues completely, rather than in piecemeal format.

Respectfully submitted,

MILLER LAW FIRM, P.C.

/s/ Richard W. Miller

Richard W. Miller MO #16136
Danne W. Webb MO #39384
4310 Madison Avenue
Kansas City, Missouri 64111
Ph: (816) 531-0755
Fax: (816) 561-6361
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that the above and foregoing was mailed this 22nd day of August, 2003, to:

Robert D. McCallum, Jr.
David M. Cohen
John Williamson
Commercial Litigation Branch
Civil Division
Department of Justice
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

/s/ Richard W. Miller
Attorney for Plaintiff