**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WEEKS MARINE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **02-205C** |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, Weeks Marine, Inc. ("Weeks") and pursuant to Rule 56 of the Court of Federal Claims, requests that this honorable court grant summary judgment in its favor and against the United States of America ("Government"). As set forth in the brief that accompanies this Motion, Weeks and its subcontractor, Dredge America ("Dredge America") encountered subsurface or latent physical conditions at the site which differed materially from those indicated in the construction contract at issue.

Specifically, Weeks, as prime contractor, subcontracted with Dredge America for the installation of a geotextile tube on the surface of weir portion of a rock jetty at the mouth of the Colorado River in Matagorda Bay, Texas. The geotube portion of the project was added via an addendum to an existing dredging contract. The Government issued a drawing that accompanied the addendum, which showed the surface of the weir to be at an elevation of 0.0 mean low tide. The drawing did not depict any variances in elevations on the surface where the geotube was to be placed. The drawing also showed the weir to be 26 feet wide.

These representations turned out to be inaccurate. Although Dredge America conducted two site visits in the two-week period between the issuance of the amendment and the bid

opening, the surface of the weir was under water and could not be viewed by any normal or reasonable actions. Accordingly, Dredge America and Weeks relied exclusively on the drawing provided by the Government.

In reality, the surface of the jetty was significantly narrower than depicted by the Government. Additionally, the surface of the jetty varied by several feet in elevation. These different conditions made installation of the geotube exceedingly difficult and time consuming. Rather than completing in the project in approximately thirty days, as Weeks and Dredge contemplated, the project took nine months.

In addition to the traditional differing site condition analysis which supports summary judgment in favor of Weeks, the Government had superior knowledge of the actual conditions that existed at the site, but failed and refused to provide that information to Weeks or any of the other bidders. Representatives from the Corps of Engineers visited the project site less than three weeks before the amendment was added to the project. During that site visit, the weather conditions and surf conditions were exceedingly rare, and exposed the weir portion of the jetty. A representative of the Government, Mike deMasi, took numerous photographs of the site as it existed on that day and circulated those photographs internally to several other Government representatives within the Corps of Engineers. Those photographs, which are attached to the accompanying brief, readily indicated that the condition at the site differed materially from the contract drawings. Under the "superior knowledge" doctrine, summary judgment is also warranted.

The entitlement issues are clear, and are particularly suited to resolution by summary judgment. Damages can then be tried to the Court.

For the foregoing reasons, and for those that are contained in the accompanying brief (which is incorporated by reference), summary judgment should be granted to plaintiff Weeks and against the Government, together with any other relief the Court deems just and proper.

Respectfully submitted,

MILLER LAW FIRM, P.C.

*/s/ Richard W. Miller*
Richard W. Miller MO #16136
Danne W. Webb MO #39384
4310 Madison Avenue
Kansas City, Missouri 64111
Ph: (816) 531-0755
Fax: (816) 561-6361
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the above and foregoing was mailed this ___ day of September, 2003, to:

Robert D. McCallum, Jr.
David M. Cohen
John Williamson
Commercial Litigation Branch
Civil Division
Department of Justice
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

*/s/ Richard W. Miller*
Attorneys for Plaintiff