IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEEKS MARINE, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 02-205C<br>(Judge Allegra) |

**DEFENDANT'S NOTICE OF FILING**
**DECLARATION WITH ORIGINAL SIGNATURE**

Defendant hereby gives notice of the filing of the November 6, 2003 Declaration of Wade Anderson with original signature. A facsimile version of Mr. Anderson's declaration was included as Exhibit 1in the Appendix to Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s David M. Cohen

DAVID M. COHEN
Director

OF COUNSEL:

ALEX PETTY
Assistant District Counsel
U.S. Army Corps of Engineers
Galveston District
Jadwin Building
2000 Fort Point Road
Galveston, TX 77550

/s John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
ATTN: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972
Email: john.williamson@usdoj.gov

November 14, 2003

Attorneys for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WEEKS MARINE, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-205C<br>(Judge Allegra) |

**DECLARATION OF WADE ANDERSON**

I, Daniel Wade Anderson, declare as follows:

1. Unless otherwise stated, I have personal knowledge of the following facts, which I believe to be true to the best of my present knowledge and understanding.

2. I am an engineer with the Natural Resources Conservation Service of the United States Department of Agriculture, where I have been employed since November 2000. From 1995 until 1998 and from June1999 until November 2000, I was a civil engineer in the Galveston District of the United States Army Corps of Engineers.

3. In January 2000, I was employed in the Geotechnical and Structures Section of the Engineering Branch of the Galveston District. I prepared the specification and "Sketch 1" for the geotextile tube project at issue in this lawsuit.

4. On January 28, 2000, one of my colleagues in the Galveston District, Bill Hopkins, referred to me a telephone call that he received from Rick Smith of Weeks Marine. I then spoke to Mr. Smith. I summarized that conversation in an email dated January 28, 2000 that I sent to others who were involved in working on the geotextile tube project at the

Mouth of the Colorado River to inform them of the concerns that Mr. Smith expressed to me. A true and correct copy of that email is attached as "Attachment A" to this declaration. I believe that the email accurately summarizes my conversation with Mr. Smith.

5. After my deposition in this case, I reviewed my January 28, 2000 email. In the fourth paragraph, the email states that "[t]he cross section we took showed elevations of -5" MLT or so" between the weir portion of the jetty and the elevated walkway that runs parallel to the jetty. I intended to type an apostrophe rather than a quotation mark after the "5," because the elevations were minus five feet, not minus five inches.

6. My review of this passage refreshed my recollection that around the time that I prepared "Sketch 1," I was provided a profile survey of the weir portion of the jetty by my colleague Mr. Mike deMasi or someone working with Mr. deMasi. I believe it was the same profile that appears at page 88 of the appendix to plaintiff's motion for summary judgment. I had not asked for the survey because there was time pressure to complete the amendment for the geotextile tube project, and I had not understood from anyone involved in the project that they had any concerns that the elevation of the jetty had varied significantly since it was built.

7. The survey indicated that the elevation of the weir where the geotextile tube was to be placed was approximately zero feet mean low tide ("MLT"), with some variations. I intended that Sketch 1 convey to the contractor that once the tube was filled, that the top of the tube should be two to three feet above MLT. My review of the survey confirmed that Sketch 1 provided an adequate representation of the weir portion of the jetty sufficient for a contractor to understand the desired elevation of the installed geotextile tube.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 6, 2003

Daniel W. Anderson
Daniel Wade Anderson

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 14th day of November, 2003, a copy of the foregoing "DEFENDANT'S NOTICE OF FILING DECLARATION WITH ORIGINAL SIGNATURE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s John H. Williamson