**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WEEKS MARINE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **02-205C** |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STATUS REPORT**

The parties provide this Joint Status Report by May 14, 2004, as requested by the Court after it denied both parties' summary judgment motions at the April 2, 2004 oral argument.

The parties have engaged in good-faith settlement negotiations, but have been unable to settle their dispute. Settlement does not appear likely at this juncture. Accordingly, the parties are prepared to move forward with trial preparation.

The undersigned counsel have conferred, and have reached tentative agreement regarding a proposed pre-trial schedule and trial location. The parties would like to accept the Court's invitation to hold a telephone conference to address these matters once the Court has had an opportunity to review this status report.

Both parties expect to use expert witnesses. Presently, each party is considering (but not committing to) an expert on damages and one or two experts on liability issues. Plaintiff believes it will be feasible to designate experts and exchange reports by **July 12, 2004**. Defendant believes that one of its prospective experts will be unable to provide a report by that date because of pre-existing commitments, but that he would be able to provide his report by **August 16, 2004.** The parties also believe it would be reasonable to have those experts deposed by **September 10, 2004**. In the event that any expert desires to issue a supplemental report

based on the opinions by any opposing expert, we would be agreeable to a procedure whereby a rebuttal report would be provided within **fourteen days after the deposition of the opposing expert** whose opinions give rise to the rebuttal report.

Provided that there are no unanticipated delays in completing expert discovery, the parties believe that they can be ready for trial in the **first half of December 2004**. The parties expect that the trial is likely to require 5-7 days. With that assumption, the Appendix A, § 13 deadline for exchanging exhibit and witness lists could be **September 30, 2004**. The other Exhibit A deadlines would flow from the pretrial and the trial dates once they are actually established.

Counsel have also discussed the location for the trial. Plaintiff, Weeks Marine, is located in New Orleans. Dredge America, the subcontractor whose claim comprises the majority of the controversy, is located in Kansas City. The project site is two hours drive southwest of Galveston, Texas.

Counsel for both parties believe that the most sensible location for the trial is in the greater Houston, Texas area. Most of the Corps of Engineers employees who are likely to be witnesses live between Houston and Galveston. One of the Corps of Engineers witnesses (Hayman Dengler) and two of the third-party witnesses (Waymon Boyd and Scott Glick) live closer to the project site. A Houston-area trial would also allow the Court the benefit of a site inspection, which counsel believe would be beneficial given the nature of the claims here and the somewhat visual nature of the issues involved. Taking the time for a site visit, perhaps before the trial actually begins, may in some respects shorten the need for testimony on fundamental points.

There are United States District Courthouses in both Galveston and Houston (http://www.txs.uscourts.gov/maps/southdist.html). The parties are also open to the possibility

of holding the trial at a hotel or other conference facility in the greater Houston area. Counsel for defendant is informed that the Corps of Engineers has used conference facilities at NASA for hearings.

Counsel offer these suggestions and comments for the Court's consideration. We would appreciate the opportunity to hold a telephone conference at the Court's convenience to discuss preparations for trial. The parties also propose that the Court schedule a status conference for late September 2004 after the conclusion of expert discovery.

Respectfully submitted,

MILLER LAW FIRM, P.C.

/s/ Danne W. Webb

Richard W. Miller MO #16136
Danne W. Webb MO #39384
4310 Madison Avenue
Kansas City, Missouri 64111
Ph: (816) 531-0755
Fax: (816) 561-6361
Email: dwebb@millerlawfirmkc.com

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

/s David M. Cohen

DAVID M. COHEN
Director

/s John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972
Email: john.williamson@usdoj.gov

Attorneys for Defendant

Dated: May 14, 2004

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 14th day of May, 2004, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John H. Williamson